## CIRCUIT COURT OF PRINCE GEORGE COUNTY

H & K Builders, Inc.

v.

First Colonial Financial Corp.
and First Colonial Savings Bank

January 4, 1993

Case No. (Chancery) 92–107

BY JUDGE W. PARK LEMMOND, JR.

Following a nonsuit by the plaintiff in a previously-filed chancery cause based on the same facts, this Bill of Complaint was filed on June 17, 1992. Answers, Pleas, Affirmative Defenses, and Demurrers were filed in a briefing schedule set up concluding on September 22, 1992. Argument on the plaintiff's Motion for Summary Judgment with regard to the void deed issue, with regard to defendant's Plea to the Statute of Limitations, with regard to the defendant's Demurrers to Counts I, II, III, and IV of the Bill of Complaint, and the defendant's Demurrer to plaintiff's Request for Punitive Damages and Attorney Fees was conducted.

At the hearing on October 5, the Court overruled the Plea to the Statute of Limitations, dismissing same. The Court sustained the defendant's Demurrer to Count II with regard to the plaintiff's claim of failure of consideration.

The Court took under advisement the ruling on the plaintiff's Motion for Summary Judgment with regard to Count I and the defendant's Demurrers to Counts I, III, and IV as well as the issues of punitive damages and attorney fees.

The Court denies the Motion for Summary Judgment and sustains the defendant's Demurrer as to Count I, holding that Payne acted with all necessary authority and within the law of the Commonwealth.

Clearly a corporate trustee must act through a real person, and authority cited by the plaintiff, on point, dealt with individual trustees being replaced, etc. The parties agreed that their facts were not in contention here, and the Court thus rules as a matter of law that Payne had the authority to act, and the deed is therefore not void.

The Court sustains defendant's Demurrer to Counts III and IV. The issues here clearly rest upon facts basically undisputed, at least for the sake of argument from the point of the defendant. The issue is the applicability of the doctrine of *caveat emptor* and its applicability to foreclosure sales. The Court finds that the doctrine indeed applies and, assuming for the sake of argument that the facts as stated by the plaintiff are entirely true, that is that Payne advised the plaintiff that Payne could convey good title and obtain title insurance, do not constitute actionable fraud in this case, since the problem with the title, as agreed by both parties, was a *lis pendens* which had been public record in the Prince George Circuit Court since March of 1986 and which was obviously available to any prudent person seeking information with regard to title at a foreclosure sale, and most specifically such records were available to the plaintiff in this case. As a purchaser at a foreclosure sale, the plaintiff clearly had a duty to inquire as to matters of public record. He neglects to do so at his own risk. While the trustee had a fiduciary duty with respect to the note holder and note makers, there was no such duty owed to potential purchasers.

Considerable authority and argument was presented by the defendant on this point which was more persuasive than that presented by the plaintiff. Cases cited by plaintiff were distinguishable chiefly in that they dealt with physical latent defects to real estate as opposed to title defects, which are public record and thus available to either party for the mere looking as opposed to defects which are uniquely within the knowledge of the person withholding same. To quote from plaintiff's Brief, "The common law affords to everyone reasonable protection against fraud in dealing but does not go to the romantic length of giving indemnity against the consequences of indolence and folly, or a careless indifference to the ordinary and accessible means of information. Where ordinary care and prudence are sufficient for full protection, it is the duty of the party to make use of them. Therefore, if false representations are made regarding matters of fact and the means of knowledge are at hand and equally available to both parties, and the party, instead of resorting to them, sees fit to trust himself in

the hands of one whose interest it is to mislead him, the law, in general, will leave him where he has been placed by his own imprudent confidence." Although presumably a moot point, the Court sustains the Demurrer as to punitive damages and attorney fees.